Filed 9/30/25  P. v. Karandzhanyan CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KAREN KARANDZHANYAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B341045<br>(Super. Ct. No. 24BBCF00056)<br>(Los Angeles County) |

On January 17, 2024, a criminal protective order was served on Karen Karandzhanyan.  The order allowed for contact with his parents but prohibited harassing, hitting, or assaulting them.  On February 5, 2024, appellant went to his parents' home. His mother gave him a plate of food, but it fell to the floor. Appellant and his mother were trying to clean up when appellant suddenly became angry and pushed her.  He hit her on the head several times.

A jury convicted appellant of felony violation of a court order (Pen. Code, § 166, subd. (c)(1)) and misdemeanor elder

abuse (*id.*, § 368, subd. (c)).  He received a total term of three years in prison.  The court awarded 216 days of actual credit and 216 days of conduct credit, for a total of 432 days.

We appointed counsel to represent appellant.  Counsel examined the record and filed an opening brief requesting the court independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel also sent a letter to the trial court requesting that it correct appellant's presentence credits from 216 actual days to 217 actual days for a total of 433 days of credit.  On August 27, 2025, the trial court filed an abstract of judgment making that correction.

On April 21, 2025, we advised appellant by mail that he had 30 days to submit any grounds for appeal, contentions, or arguments he wished us to consider.  We have received no response.

Through our review of the record, we have identified a clerical error.  The August 27, 2025 abstract of judgment states: "Do not own, use or possess any dangerous or deadly weapons, including any firearms, knives or other weapons."  The minute order for appellant's sentencing contains the same language.  However, at sentencing, the trial court stated appellant "cannot own, use, possess, buy or sell any firearms, ammunition, ammunition feeding devices, ammunition magazines and body armor."

The oral pronouncement of judgment controls.  (Cf. *People v. Leon* (2020) 8 Cal.5th 831, 855.)  Thus, we will direct the trial court to prepare an amended abstract of judgment and minute order that conform to its oral pronouncement regarding the firearms condition.

We also agree that appellant is entitled to 217 days of actual credit and 433 days of total credit. We will modify the judgment accordingly. The amended abstract of judgment and minute order should reflect these modified credits as well.

Having carefully reviewed the entire record, we conclude there are no arguable issues. (*Wende, supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is modified to award appellant 217 days of actual credit and 433 days of total credit. The trial court is directed to prepare an amended abstract of judgment and minute order that reflect (1) the firearms condition and (2) appellant's modified credits. The clerk shall forward a certified copy of that amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Ray G. Jurado, Judge

Superior Court County of Los Angeles

_____


John Schneider, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.